JOSEPH CHIAPPARINE, RESPONDENT v. PUBLIC SERVICE RAILWAY COMPANY, APPELLANT.

Submitted December 10, 1917—Decided March 4, 1918.

1. In an action to recover for injuries sustained in a collision between defendant's trolley car and the plaintiff's automobile at a street crossing, it is not erroneous for the judge, when evidence warrants it, to charge that the motorman must use reasonable care, *i. e.*, such care as a reasonably prudent man would use in the circumstances presented to him, calling attention to the provision of the Traffic act (*Pamph. L.* 1915, *p.* 292, § 8, *subd.* 3) requiring the motorman to sound his signal bell on approaching street crossings, and expressly stating that it was for the jury to determine whether or not he was negligent "under rule stated *and* the provision of the statute."

2. In an action to recover for injuries sustained in a collision between the defendant's trolley car and the plaintiff's automobile at a street crossing, the fact that the motorman failed to sound his signal bell as required by the Traffic act (*Pamph. L.* 1915, p. 292, § 8, *subd.* 3) is a *circumstance to be considered* in deciding whether or not the motorman operated his car with reasonable care in the circumstances presented to him, *but it is not controlling* as to his negligence.

3. An instruction that "if the plaintiff, without any fault on his part, was placed in a position of imminent peril at a crossing, by reason of the negligent manner in which the defendant's motorman operated its car, the law will not hold the plaintiff guilty of such negligence as to defeat his recovery because, by an honest mistake, he chose one course when another course might have been better" is proper in an action for injuries sustained in a crossing collision when the plaintiff's contributory negligence was in issue and the evidence tended to show that he was put in sudden danger by the negligence of the defendant and without any fault on his part.

On appeal from the Hudson County Circuit Court.

For the appellant, *Lefferts S. Hoffman, Leonard J. Tynan* and *Joseph Coult, Jr.*

For the respondent, *Alexander Simpson.*

The opinion of the court was delivered by

TRENCHARD, J. This is an appeal by the defendant below from a judgment in favor of the plaintiff, entered upon the verdict of a jury, in an action for injuries received in a collision between the defendant's trolley car and the plaintiff's automobile at the Anderson avenue crossing of the defendant's tracks in the town of Fort Lee.

The grounds of appeal relate solely to the charge of the court.

We are of the opinion that it was not erroneous.

First, the defendant complains that the judge instructed the jury in effect that the defendant would be guilty of negligence if in the operation of its car it violated the provisions of the Traffic act requiring the motorman of a street car on approaching street crossings to sound his signal bell.

But we do not find that the judge so charged.

Speaking with respect to the duty of the defendant company in the operation of their cars the judge said:

"The general rule is that they must use reasonable care, or, as it is otherwise put, they must use that care which a reasonably prudent person would or should exercise, considering time, place, circumstances and conditions, so that they will not bring harm to other users of the public highway."

He then stated that the Traffic act (*Pamph. L.* 1915, *p.* 292, § 8, *subd.* 3) provides that: "The motorman or driver of any street car, on approaching road intersections or street crossings, shall sound his signal bell in quick succession at a reasonable distance from such intersection."

He then put to the jury these questions:

"Has the plaintiff satisfied you by a fair preponderance of the evidence that the servant of the defendant company, namely, the motorman, was negligent in the manner in which he propelled, moved or conducted the operations of this car? Was he negligent under that rule and this provision of the statute which I have just read to you?"

He, of course, further charged that "if the plaintiff has not made that out you need not go any further," but "if he has made it out, the next question for your determination is, has he made out also by a fair preponderance of the evidence that that negligence which he has made out was the proximate, natural cause of this happening of which the plaintiff complains?"

It is quite plain, therefore, that the judge did not charge that the defendant would be guilty of negligence if it violated the Traffic act. What he did charge was that the motorman must use reasonable care, *i. e.*, such care as a reasonably prudent man would use in the circumstances presented to him, calling attention to the provision of the Traffic act requiring the motorman to sound his signal bell on approaching street crossings, and expressly stating that it was for the jury to determine whether or not he was negligent "under the rule stated and the provision of the statute."

The evidence justified that charge and it was not erroneous in law. In such an action as this the fact that the motorman failed to sound his signal bell as required by the Traffic act is a *circumstance to be considered* in deciding whether or not the motorman operated his car with reasonable care in the circumstances presented to him, *but* it is *not controlling* as to his negligence. *State* v. *Schutte,* 88 *N. J. L.* 396; *Evers* v. *Davis,* 86 *Id.* 196.

The defendant lastly complains that the judge charged in effect that if the plaintiff, without any fault on his part, was placed in a position of imminent peril at the crossing by reason of the negligent manner in which the defendant's motorman operated its car, the law would not hold the plaintiff guilty of such negligence as to defeat his recovery because, by an honest mistake, he chose one course when another course might have been better.

No fault is found with the rule stated by the judge as an abstract proposition. The complaint is that it had no application to the case. But this complaint is not well founded. The contributory negligence of the plaintiff was put in issue by the pleadings, and the plaintiff's evidence, if believed, tended to show that he was put in sudden danger by the negligence of the defendant without any fault on his part, and it was therefore proper for the judge to instruct the jury as to the legal effect of his conduct in trying to extricate himself.

The judgment below will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 15.

*For reversal*—None.